STEVEN G. KALAR
Federal Public Defender
Northern District of California
JOYCE LEAVITT
LISA MA
Assistant Federal Public Defenders
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:   (510) 637-3500
Facsimile:   (510) 637-3507
Email:        Joyce_Leavitt@fd.org

Counsel for Defendant Krashna

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUINCY ANDREW KRASHNA,<br><br>Defendant. | **Case No.:** CR 17–22 JSW<br><br>**EMERGENCY MOTION FOR COMPASSIONATE RELEASE**<br><br>**Court:**  Courtroom 5, 2nd Floor<br>**Hearing Date:**  June 16, 2020<br>**Hearing Time:**  1:00 p.m. |

## NOTICE AND MOTION

Quincy Andrew Krashna is 51 years old and suffers from numerous serious medical conditions – including serious heart conditions and hypertension – that the Center for Disease Control and Prevention (CDC) warns put him at high risk for severe illness and death from COVID-19 should he contract it at Santa Rita Jail amidst the global pandemic. His projected release date is imminent, September 5, 2020, but, because of his serious medical conditions that render him vulnerable, he moves the Court to release him immediately and reduce his term of imprisonment to time served pursuant to 18 U.S.C. § 3582(c).

**ARGUMENT**

Under § 3582, a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons." United States Sentencing Guidelines, § 1B1.13(1)(A) & cmt. 1. One of these reasons is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. 1(A)(ii).

Mr. Krashna has satisfied the requirements for a reduction in sentence pursuant to § 3582(c). First, he has exhausted his administrative remedies because by the date after this motion is noticed to be heard, more than thirty days will have now lapsed since he, on May 18, 2020, petitioned the Warden at Lompoc for relief in light of his serious medical conditions and the COVID-19 pandemic. Ex. A. Second, he has "extraordinary and compelling reasons" that warrant a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Third, the sentencing factors from 18 U.S.C. § 3553(a) favor release.

**I.      Mr. Krashna's heightened risk of severe illness and death from COVID-19, due to his serious medical conditions, are extraordinary and compelling reasons that warrant immediate release.**

Mr. Krashna suffers from a number of "serious physical or medical condition[s]," § 1B1.13 cmt. 1(A)(ii): coronary artery disease; a history of heart attacks and strokes, including two surgical procedures in 2004 and 2005 for heart attacks with stent placement and coronary artery spasms while in custody at Santa Rita Jail; chronic pain in his right shoulder and arm; osteoarthritis of the right shoulder acromion joint and the cervical spine. *See* Presentence Report (PSR) ¶¶ 70-73; Ex. B at 27. "These conditions are, of course, not ones from which an individual is expected to 'recover'; any incarcerated person with one of these underlying conditions is unlikely to be able 'to provide self-care within the environment of a correctional facility' to avoid contracting COVID-19." *United States v. Burrill*, No. 17-CR-00491-RS-1, 2020 WL 1846788, at *3 (N.D. Cal. Apr. 10, 2020) (quoting

1   U.S.S.G. § 1B1.13 cmt. 1(A)(ii))) (granting compassionate release to 75 year old prisoner who

2   suffers from asthma, high blood pressure, high cholesterol, diabetes, diverticulosis, blood clots,

3   hearing loss, glaucoma, cataracts, and lower back nerve pain).

4       The CDC has warned individuals who suffer from serious heart conditions, including heart

5   failure, coronary artery disease, and pulmonary hypertension, may put people at higher risk for severe

6   illness from COVID-19. *People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control

7   and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-

8   higher-risk.html. Indeed, coronary artery disease is associated with increased odds of death, and

9   patients with cardiovascular disease have a case fatality rate of 10.5% and those with hypertension

10  have a case fatality rate of 6%, both of which were higher than the overall case fatality rate of 2.3%.

11  Weiyi Tan & Jamil Aboulhosn, *The Cardiovascular Burden of Coronavirus Disease 2019 (Covid-19)*

12  *with a Focus on Congenital Heart Disease*, 309 INT'L J. CARDIOLOGY 70-77 (Mar. 28, 2020).

13  https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7102656/; *United States v. Rivera*, No. 17-CR-

14  00393-EMC-1, 2020 WL 2213469, at *1 (N.D. Cal. Apr. 13, 2020) (granting compassionate release

15  to prisoner with liver failure and heart failure "which renders him particularly vulnerable to serious

16  illness or death if he were to contract COVID-19").

17      Additionally, "it is well documented that hypertension is associated with increased risk of

18  infection and worse outcomes in lung injury and mortality." *United States v. Thi Vo*, No. 15-CR-

19  00310-BLF-2, 2020 WL 2300101, at *3 (N.D. Cal. May 7, 2020) (citing Centers for Disease Control,

20  Groups at Higher Risk for Severe Illness (April 17, 2020), https://www.cdc.gov/coronavirus/2019-

21  ncov/need-extra-precautions/groups-at-higher-risk.html; Ernesto L Schiffrin, John M Flack,

22  Sadayoshi Ito, Paul Muntner, & R Clinton Webb, *Hypertension and COVID-19,* 33 AMERICAN

23  JOURNAL OF HYPERTENSION 5 (May 2020), 373-375) (granting compassionate release to elderly

24  inmate with hypertension). The CDC reports that there is a 6% mortality rate for COVID-19 patients

25  with hypertension, compared with a 0.9% fatality rate for patients without any underlying condition.

26  *See Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease*

27  *(COVID-19)*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-

28  ncov/hcp/clinical-guidance-management-patients.html; *see also United States v. Reid*, No. 17-CR-

00175-CRB-2, 2020 WL 2128855, at *3 (N.D. Cal. May 5, 2020) (granting compassionate release for inmate with hypertension, high cholesterol, and Valley Fever). The first large-scale study of its kind in the United States found '[o]lder persons, men, and those with pre-existing hypertension and/or diabetes' were the most prevalent among hospitalized COVID-19 patients." *United States v. Connell*, No. 18-CR-00281-RS-1, 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020) (quoting S. Richardson et al., *Presenting Characteristics, Comorbidities, and Outcomes Among 5700 Patients Hospitalized with COVID-19 in the New York City Area*, JOURNAL OF AMERICAN MEDICINE (Apr. 22, 2020), https://jamanetwork.com/journals/jama/fullarticle/2765184) (granting compassionate release to 69-year-old inmate at FCI Lompoc who suffers from hypertension, high cholesterol, and pre-diabetes).

Moreover, Mr. Krashna's significant health problems in the recent months while he has been in custody at Santa Rita Jail demonstrate that he is particularly vulnerable. Mr. Krashna has been seen by medical staff at Santa Rita Jail continuously since January 2020 for ongoing chest pains, shortness of breath, and chronic nerve damage. *See* Ex. B. In March 2020, a medical doctor assessed Mr. Krashna as experiencing coronary artery spasms and placed him on different medications for high blood pressure and coronary artery disease, as well as a medication for chest pain. Ex. B at 27. His continuing coronary artery spasms are troubling because his unresolved serious heart conditions, combined with his numerous other serious medical conditions, gravely increases his risk of severe illness or death from COVID-19. *See People Who Are At Higher Risk*, CDC, *supra* at 2; CDC Covid-19 Response Team, *Preliminary Estimates of the Prevalence of Selected Underlying Health Conditions Among Patients with Coronavirus Disease 2019* — United States, February 12–March 28, 2020 at 382, https://www.cdc.gov/mmwr/volumes/69/wr/pdfs/mm6913e2-H.pdf ("percentage of COVID-19 patients with at least one underlying health condition ... was higher among those requiring [ICU] admission"—78%— "than that among those who were not hospitalized"—27%).

In the context of the COVID-19 pandemic, Mr. Krashna's medical conditions, which render him uniquely vulnerable to serious illness if he contracts COVID-19, "substantially diminish[ ]" his ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii); *see also United States v. Perez*, 17 Cr. 513-3 (AT), 2020 WL 1546422, at *4 (S.D.N.Y. Apr. 1, 2020) ("Confined to a small cell where social distancing is impossible, [Mr.

1  Krashna] cannot provide self-care because he cannot protect himself from the spread of a dangerous

2  and highly contagious virus."). The risk is acute at Santa Rita Jail, where Mr. Krashna is incarcerated.

3  As of May 19, 2020, 15 inmates are currently positive for COVID-19. *BOP COVID-19 Cases*,

4  https://www.bop.gov/coronavirus/. In short, Mr. Krashna's serious medical conditions that make him

5  uniquely vulnerable to the life-threatening pandemic already present at Santa Rita Jail constitute

6  "extraordinary and compelling reasons" justifying his immediate release.

7  **II.    The sentencing factors weigh in favor of compassionate release.**

8         The applicable sentencing factors from 18 U.S.C. § 3553(a) are consistent with granting Mr.

9  Krashna's motion for compassionate release. Mr. Krashna pled guilty to wire fraud, in violation of 18

10  U.S.C. § 1343. Dkt. 37 (Judgment). The Court sentenced him to a term of twenty-four months in

11  custody and recommended that he participate in the Residential Drug Abuse Treatment Program

12  (RDATP), to be followed by a term of three years of supervised release. *Id*. He self-surrendered on

13  November 6, 2018, and he was incarcerated at SCP Sheridan and successfully completed the RDATP

14  program. *See* Dkt. 39. He was released on September 5, 2019, into a halfway house in Oakland. In

15  January 2020, however, he received positive urinalysis test for marijuana and, on January 27, 2020,

16  was remanded into custody at Santa Rita Jail, where he is currently incarcerated with a release date of

17  September 5, 2020. *See BOP Inmate Locator*, https://www.bop.gov/inmateloc/.

18         Release approximately two and a half months early is not inconsistent with "the nature and

19  circumstances of the offense and the history and characteristics of the defendant," providing just

20  punishment and adequate deterrence, the applicable sentencing range and policy statements of the

21  Sentencing Commission, and the need to avoid unwarranted sentencing disparities.  *See* 18 U.S.C. §

22  3553(a). Mr. Krashna never engaged in violent acts during the offense. *See id*. He has already served

23  approximately one year at SCP Sheridan after successfully completing the RDATP program and

24  approximately six months at Santa Rita Jail.

25         Early release is also consistent with "protect[ing] the public from further crimes of the

26  defendant." *See* 18 U.S.C. § 3553(a)(2)(C). Mr. Krashna is a non-violent offender with no prior

27  criminal history, PSR ¶ 42, who suffers from numerous heath conditions that impair his ability to re-

28  offend. *See United States v. Trent*, No. 16-CR-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal.

Apr. 9, 2020) (early release is consistent with "protect[ing] the public from further crimes of the defendant" when defendant is a non-violent offender and has had only one disciplinary issue while in custody).

Immediate release also avoids unwarranted sentencing disparities under § 3553(a)(6) because many other defendants with serious medical conditions and short jail sentences are receiving reduced sentences pursuant to the COVID-19 pandemic. *See, e.g., United States v. Lee*, No. 19-CR-00419-SI-1, 2020 WL 2512415, at *1 (N.D. Cal. May 15, 2020) (granting compassionate release for 50 year old with asthma who served eight months of yearlong sentence at Santa Rita Jail).

In addition, the "need . . . to provide the defendant with needed . . . medical care . . . in the most effective manner" weighs in favor of early release. *See* 18 U.S.C. § 3553(a)(2)(D). Mr. Krashna is "unlikely to be able to get the medical care he needs at [Santa Rita Jail] in the midst of the pandemic." *Connell*, 2020 WL 2315858, at *6 (citing Lisa Freeland et al., *We'll See Many More Covid-19 Deaths in Prisons if Barr and Congress Don't Act Now*, Wash. Post (Apr. 6, 2020), available at https://www.washingtonpost.com/opinions/2020/04/06/covid-19s-threat-prisons-argues-releasing-at-risk-offenders/).  Adequately caring for someone with underlying health conditions like Mr. Krashna's entails reducing that individual's risk of exposure to COVID-19; keeping Mr. Krashna at Santa Rita Jail is not the "most effective manner" of mitigating that risk.

## CONCLUSION

The Court should grant Mr. Krashna's compassionate release request. *See United States v. Sholler*, No. 17-cr-00181-SI, 2020 WL 2512416 (N.D. Cal. May 15, 2020) (granting compassionate release for elderly inmate at FCI Terminal Island who tested positive for COVID-19 and has Parkinson's); *Lee,* No. 19-cr-00419-SI, 2020 WL 2512415 (granting compassionate release to Santa Rita Jail inmate with moderate to severe asthma); *United States v. Simpson*, No. 11-CR-00832-SI-3, 2020 WL 2323055 (N.D. Cal. May 11, 2020) (granting compassionate release to 62 year old with asthma and diabetes); *United States v. Joseph*, 18-cr-00350-BLF, 2020 WL 2315806 (N.D. Cal. May 8, 2020) (granting compassionate release to sixty year old inmate who suffers from lung scarring resulting from Valley Fever); *Connell*, 18-cr-00281, 2020 WL 2315858 (excusing administrative exhaustion and granting compassionate release to 69 year old inmate at FCI Lompoc who suffers

from hypertension, high cholesterol, and pre-diabetes); *United States v. Barrenechea*, No. 92-cr-00403-MMC, 2020 WL 2315638 (N.D. Cal. May 7, 2020) (granting compassionate release to elderly inmate with history of latent tuberculosis); *Thi Vo*, No. 15-cr-00310-BLF-2, Dkt. 207, 2020 WL 2300101 (granting compassionate release to 74 year old inmate with hyperlipidemia, hypertension, low vision in both eyes, and osteoarthritis); *Reid*, No. 17-CR-00175-CRB-2, 2020 WL 2128855 (granting compassionate for inmate with hypertension, high cholesterol, and Valley Fever); *United States v. Fischman*, No. 16-CR-00246-HSG-1, 2020 WL 2097615 (N.D. Cal. May 1, 2020) (granting compassionate release for 72 year old prisoner at FCI Terminal Island who tested positive for COVID-19); *United States v. Robinson*, No. 18-CR-00597-RS-1, 2020 WL 1982872 (N.D. Cal. Apr. 27, 2020) (granting compassionate release for Lompoc inmate with psoriasis); *Rivera*, No. 17-CR-00393-EMC-1, 2020 WL 2213469; *Burrill*, No. 17-CR-00491-RS-1, 2020 WL 1846788; *United States v. Trent*, No. 16-CR-00178-CRB-1, 2020 WL 1812214 (N.D. Cal. Apr. 9, 2020) (granting compassionate release for inmate with HIV/AIDS, diabetes, and obesity).

Alternatively, the Court should recommend to the BOP that it transfer Mr. Krashna to home confinement. *See United States v. Shabudin*, 11-cr-00664-JSW-1, Dkt. 571 (N.D. Cal. May 12, 2020) (recommending home confinement for elderly inmate with high cholesterol at FCI Mendota); *United States v. Furaha*, No. 09-CR-00742-JST-1, 2020 WL 2315640, (N.D. Cal. May 8, 2020) (recommending temporary designation to home confinement or a temporary release on medical furlough for inmate with a history of congestive heart failure and obesity); *United States v. Taylor*, No. 17-CR-00191-JST-1, 2020 WL 2078301 (N.D. Cal. Apr. 29, 2020) (recommending home confinement for inmate with hypertension and sleep apnea); *United States v. Jones*, No. 17-CR-00070-VC-1, 2020 WL 1814616 (N.D. Cal. Apr. 10, 2020) (recommending home confinement for older inmate with asthma).

1

2    Dated:     May 19, 2020                    Respectfully submitted,

3                                               STEVEN G. KALAR
4                                               Federal Public Defender
                                                Northern District of California
5
6                                                              /S
                                                _____
7                                               JOYCE LEAVITT
                                                Assistant Federal Public Defender
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28